JUDGE GENE E.K. PRATTER
United States District Court
Eastern District of Pennsylvania

**NOTICE TO COUNSEL: SCHEDULING AND DISCOVERY POLICY**

1.  An Initial Pretrial Conference (IPTC), as described in Federal Rule of Civil Procedure 16, generally will be held in Chambers as promptly as possible, typically between 60 and 90 days after the filing of the complaint.

2.  Preliminary Motions (e.g., motions to dismiss, motions to transfer, add parties, and other threshold motions) should be filed, whenever possible, before the IPTC or at least as promptly as practical. At the very least, plans for such motions should be highlighted in the parties' Joint Report of Rule 26(f) Meeting and Proposed Discovery Plan (see attached).[1] The prospect of motions for summary judgment, in particular, should be noted in the Joint Report and at the IPTC.

3.  The IPTC will last approximately 30 minutes. If it is truly impossible for lead trial counsel or adequately prepared substitute counsel to attend the IPTC, counsel should very promptly contact the Court in writing[2] (with copy to all other counsel) and the Court will determine whether the IPTC will be rescheduled to permit in-person attendance by a knowledgeable professional. Such requests should be made as far in advance of the scheduled conference as possible. Last minute requests should be accompanied by verifiable excuse both for the delay in making the request and the reason for the request.

---

[1] *Also available at* https://www.paed.uscourts.gov/documents/procedures/prapol5.pdf.

[2] Chambers of Judge Gene E.K. Pratter, Room 10613, United States Courthouse, 601 Market Street, Philadelphia, PA. Fax: 267-299-5070.

4. At the IPTC, the following matters, among others, will be considered and acted upon:

    a. Jurisdictional defects, if any;

    b. Time limits to join other parties and to amend pleadings;

    c. Prospects of amicable settlement;

    d. Establishing schedules for remaining pretrial proceedings, including discovery, pretrial filings, exchange of exhibits, exchange of expert reports, etc.; and

    e. Setting a date for trial.[3]

5. Subsequent conferences may be requested by counsel for exploration of settlement or for trial management or preparation purposes. Conferences of this type, either in-person or by telephone, are encouraged to the extent that counsel believe they will be useful. To request a conference, the parties should first confer with each other and then contact the Court in writing.[4]

6. In an uncomplicated case, all discovery should be completed within 90-120 days after appearances have been filed for all defendants. The date for completing discovery, along with other important deadlines, will be set at the IPTC. As laid out in greater detail in the Court's Template and Expectations for Joint Report of Rule 26(f) Meeting and Proposed Discovery Plan (attached), the parties should propose several discovery deadlines.

---

[3] At the IPTC, the Court generally sets a trial pool date rather than a trial date certain. A trial pool date is a notice date that the matter is ripe for trial; generally, a date certain for trial will usually be set at the *final* pretrial conference.

[4] Chambers of Judge Gene E.K. Pratter, Room 10613, United States Courthouse, 601 Market Street, Philadelphia, PA. Fax: 267-299-5070.

a. These deadlines, once set forth in a post-IPTC Scheduling Order, mean that all reasonably foreseeable discovery must be served, noticed, *and completed* by those dates.

b. Discovery may take place after those deadlines only by agreement of the parties, so long as the continued discovery is not used as an excuse for delaying resolution of a dispositive motion and so long as trial will not be delayed and trial preparation will not unreasonably be disrupted. The Court will not entertain motions to compel discovery after the deadline date for the failure to timely serve the discovery or file such motion before the deadline (absent a showing of good cause).

7. When timely or necessary discovery is not forthcoming after a reasonable attempt has been made to obtain it, the immediate assistance of the Court should be sought. *See* E.D. Pa. Local R. Civ. P. 26.1(f) & (g).[5] Counsel should review Judge Pratter's General Pretrial and Trial Policies and Procedures, which can be found on the Court's website,[6] for further explanation of the Judge's requirements with regard to discovery disputes. Discovery disputes requiring the Court's attention should be presented by motion, *without* lengthy recitation of extraneous information. The Court encourages the resolution of discovery disputes by conference, and, at the Court's option, discovery motions may be disposed of promptly by a telephone conference in lieu of the usual motion practice even before a response is filed.

8. Requests for extension of discovery deadlines, trial dates, or trial pool entry dates can be made by a very brief letter with a statement of the reasons and notation of the

---

[5] *Available at* https://www.paed.uscourts.gov/documents/locrules/civil/cvrules.pdf.

[6] *Available at* https://www.paed.uscourts.gov/documents/procedures/prapol2.pdf.

agreement or disagreement of all other counsel, or, if permitted by the Court, by telephone conference with all counsel participating. Lengthy extensions—i.e., those of more than two or three weeks—are not likely to be granted, absent exceptional circumstances. Do not ask for repetitive extensions without presenting *very* compelling reasons.

9. The filing of a Pretrial Memorandum described in Local Rule 16.1(c) will be required, usually several weeks before the final pretrial conference, which generally will be scheduled in the post-IPTC Scheduling Order. The requirements of Local Rule 16.1(d) will only be utilized when specially ordered by the Court.

10. After an Arbitration, requests for trial *de novo* will result in the case being set for trial or placed in the trial pool promptly. No discovery will be allowed after the Arbitration except by order of the Court upon good cause shown as to why the discovery requested could not have been reasonably anticipated and completed prior to the Arbitration.

11. Unexcused violations of Scheduling Orders are subject to sanctions upon motion or upon the Court's own initiative.

12. Letters or other written communications about any pending matter (which are discouraged) are to be directed to the Court and not to law clerks or to the Deputy Clerk. Letters on other than ministerial ("housekeeping") matters are strongly discouraged. Telephone calls or emails directly to law clerks are also discouraged, unless expressly authorized or requested. Law clerks and the Deputy Clerk are not permitted to render advice to counsel and have no authority to grant continuances or to speak on behalf of the Court. Court personnel shall be addressed (in person and in writing) formally as "Ms.

____" or "Mr. ____", unless a more informal salutation is expressly invited. In the event counsel find it necessary to have a non-lawyer from counsel's office contact Chambers, it is counsel's responsibility to make sure the non-lawyer is familiar with all appropriate etiquette for communicating with the Court and is fully knowledgeable about the purpose of the call and is also prepared to promptly contact the caller's supervising counsel if requested by the Court. All scheduling matters for civil cases should be directed to Susan Flaherty, Deputy Clerk, 267-299-7352.

13. Counsel are expected to review the Court's General Pretrial and Trial Policies and Procedures available at http://www.paed.uscourts.gov or by specific request directed to Ms. Flaherty.[7]

14. The Court's additional requirements for applications for admission *pro hac vice* are laid out in the Court's General Pretrial and Trial Policies and Procedures. The failure to meet these requirements may result in the denial of the application without prejudice.

### *Expedited Trial Alternative*

The parties may elect to take this case directly to trial – whether jury or bench trial *without* discovery and *without* motion practice. The intent of this expedited trial alternative is to afford parties a ready trial forum in which cases can be resolved without the time and expense normally required for discovery and motion practice.

    a. An expedited trial will be held in this case if all parties agree to such a trial.

---

[7] *Available at* https://www.paed.uscourts.gov/documents/procedures/prapol2.pdf. This URL and others provided in these footnotes are for counsel's convenience, but counsel should also be prepared to navigate the District Court's website (http://www.paed.uscourts.gov/) in the event that URLs change. From the main webpage, there are links to Judges' Procedures and the Local Rules.

b. If the parties elect to proceed to an expedited trial:

   i. No formal discovery or motion practice will occur. The parties may informally agree to provide discovery-like information to each other.

   ii. The Joint Case Management Report required by Rule 26(f) need not include the information called for concerning discovery or motion practice.

   iii. At the IPTC, the Court will set a Final Pretrial Conference within approximately two months of the IPTC. At the Final Pretrial Conference, the Court will give the parties a firm trial date, usually within one or two months of the Final Pretrial Conference. Thus, the expedited trial may occur within four months of the Initial Pretrial Case Management Conference and approximately six or seven months of the commencement of the action. It can occur even earlier upon agreement.

c. Counsel for each party is required to discuss this expedited trial alternative with his or her client before the Rule 26(f) conference. As part of this discussion, counsel must provide his or her client with two good faith estimates of the costs (including attorneys' fees) of litigating this case to completion: (a) an estimate of the cost if an expedited trial is elected, and (b) an estimate of the cost if an expedited trial is not elected and typical discovery and motion practice occur. The intent of this requirement is to help clients clearly understand the potential cost savings of an expedited trial.

d. Each counsel must certify in the Joint Case Management Report that he or she has held the client discussion required in the immediately preceding paragraph. Each *pro se* litigant must certify that he or she has considered the expedited trial alternative.

e. If the parties identify other expedited procedures that might reduce the cost of litigating this case to completion, they may propose such procedures in the Rule 26(f) Joint Case Management Report.

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge