# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANOIA'S EATERY, LLC, d/b/a <br> DIANOIA'S AND PIZZERIA DAVIDE, <br><br> Plaintiff, <br><br> v. <br><br> MOTORISTS MUTUAL INSURANCE <br> COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 20-706 <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER OF COURT

AND NOW, this 19th day of May, 2020, upon consideration of the Notice of Removal filed by Defendant Motorists Mutual Insurance Company, (Docket No. 1), and attachments including Plaintiff Dianoia's Eatery, LLC's Complaint seeking a declaratory judgment of coverage for business interruption losses sustained due to COVID-19 pandemic shut down orders and an insurance policy between a different insurer (Chubb) and policyholder (Bowser Automotive) than the instant litigants, which were initially filed by Plaintiff in the Court of Common Pleas of Allegheny County, pursuant to which Defendant seeks removal pursuant to 28 U.S.C. §§ 1441(b) and 28 U.S.C. § 1332 based upon alleged diversity jurisdiction,

IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED to the Court of Common Pleas of Allegheny County, forthwith;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED and serve a certified copy of this Order on the Prothonotary for the Court of Common Pleas of Allegheny County, forthwith.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391

(1994). "They possess only that power authorized by Constitution or statute, which is not expanded by judicial decree." *Id*. (internal citations omitted). In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). When a party removes a case to federal court, the Court must "evaluate whether that action could have been brought originally in federal court." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019), *reh'g denied,* No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019). The Court should remand the case "[i]f at any time before final judgment it appears that the [Court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Defendant, as the removing party asserting that the Court has jurisdiction over this case, bears the burden of establishing same. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.

  Having considered the matter, the Court finds that the instant removal is deficient under the relevant removal statutes, necessitating a remand of this matter to state court for lack of subject matter jurisdiction and the Court also alternatively declines to exercise subject matter jurisdiction over this case under the Declaratory Judgment Act, ("DJA"), 28 U.S.C. § 2201(a).

  Since this case is being removed on the basis of diversity jurisdiction, it is Defendant's initial burden to demonstrate that the parties are completely diverse and that the amount in controversy is in excess of the jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1332(a). Here, the Court does not contest that the claim exceeds the jurisdictional amount but as to complete diversity of the parties, since Plaintiff is a limited liability company ("LLC"), the traditional corporate citizenship test articulated by Defendant in the Notice of Removal of the state of incorporation of the business (Pennsylvania) and its principal place of business (Pennsylvania) is not utilized. *See e.g., Zambelli Fireworks Manufacturing Co., Inc. v. Wood*,

Exhibit D - 0003

592 F.3d 412, 420 (3d Cir. 2010) (limited liability companies are treated like partnerships and other unincorporated associations for diversity purposes); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013) (the principal place of business of an LLC is irrelevant to determining diversity of citizenship). Rather, to establish that the parties are completely diverse, Defendant must conduct a reasonable investigation to determine the citizenship of the LLC's members and at least aver that none of its members share its own Ohio citizenship. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105-07 (3d Cir. 2015) (a plaintiff must conduct a reasonable inquiry into the facts relating to the citizenship of an opposing unincorporated association and assert, at a minimum, that none of the unincorporated association's members are citizens of the plaintiff's state of citizenship). It is not enough for Defendant to rely upon Plaintiff's allegation that it is a "corporation" in the Complaint because: (1) Plaintiff is identified as an LLC, necessitating further inquiry; (2) Plaintiff attached the wrong insurance policy to the Complaint filed in state court, suggesting the reference to it being a corporation is a mere typographical error; and (3) removal statutes are "strictly construed, requiring remand if any doubt exists over whether remand was proper." *Carlyle Inv. Management LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Therefore, as this Court has doubts as to whether complete diversity of the parties exists, this matter will be remanded for lack of subject matter jurisdiction.

However, even if this Court had diversity jurisdiction over this case, it would decline to exercise same pursuant to the discretionary authority provided to it under the DJA, which expressly provides that courts "**may** declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Although this case was "originally brought in state court under Pennsylvania law, the question of whether to exercise

federal jurisdiction to adjudicate the controversy [becomes] a procedural issue under federal law." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 n.4 (3d Cir. 2014) (citations omitted). This Court may decline to exercise jurisdiction under the DJA in situations such as this case when there is not a parallel state action after weighing factors set forth by the Third Circuit "bearing on the usefulness of the declaratory judgment remedy." *Kelly v. Maxum Specialty Ins. Group*, 868 F.3d 274, 282 (3d Cir. 2017). The Court of Appeals has held that the following factors should be considered, to the extent they are relevant:

> 1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> 2) the convenience of the parties;
>
> 3) the public interest in settlement of the uncertainty of obligation;
>
> 4) the availability and relative convenience of other remedies;
>
> 5) a general policy of restraint when the same issues are pending in state court;
>
> 6) avoidance of duplicative litigation;
>
> 7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
>
> 8) in the insurance context, an inherent conflict of interest between an insurers' duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146. The Court of Appeals continued:

> [w]here state law is uncertain or undetermined, the proper relationship between federal and state courts requires district courts to "step back" and be "particularly reluctant" to exercise DJA jurisdiction. [*State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135-36 (3d Cir. 2000)] ("[T]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum."). The

Exhibit D - 0005

> fact that district courts are limited to predicting—rather than establishing—state law requires "serious consideration" and is "especially important in insurance coverage cases." *Id*. at 135.

*Reifer*, 751 F.3d at 148.  Further, "it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law." *Summy*, 234 F.3d at 135.

This Court has carefully considered each of the factors outlined above and concludes that Plaintiff's Complaint raises novel insurance coverage issues under Pennsylvania law which are best reserved for the state court to resolve in the first instance.  *See e.g., Reifer*, 751 F.3d at 148; *Summy*, 234 F.3d at 135.  While legal commentators predict a high volume of these types of insurance coverage cases to be brought by policyholders and insurance companies, there is not yet a body of caselaw developed by Pennsylvania courts on these issues due to the relative recency of the COVID-19 pandemic.  In fact, the Supreme Court of Pennsylvania denied a King's Bench petition last week seeking to consolidate all COVID-19 business interruption litigation before the Supreme Court of Pennsylvania, leaving such cases to be decided by state trial courts.  *See Joseph Tambellini, Inc. d/b/a Joseph Tambellini Restaurant v. Erie Ins. Exchange*, No. 52 WM 2020 (Pa. May 14, 2020).  Therefore, "serious consideration" must be given to the facts that any declaration issued by this Court as to the parties' rights under the insurance policy would be merely predicting how Pennsylvania courts would decide these novel issues arising from the COVID-19 pandemic, a matter of great public concern, with little persuasive authority from state courts on these issues.  *Reifer*, 751 F.3d at 148.  Hence, the first, third, fourth and fifth factors strongly weigh in favor of remanding this matter to state court and clearly outweigh the lone factor in Defendant's favor, i.e., the second factor related to its preference to litigate in this federal forum.

For all of these reasons, this matter is hereby remanded to the Court of Common Pleas of Allegheny County.

                                                      *s/Nora Barry Fischer*
                                                      Nora Barry Fischer
                                                      Senior U.S. District Judge

cc/ecf: All counsel of record.