NO. 10-4748

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————————

JUDY BREWER
Appellant-Plaintiff,

v.

UNITED STATES FIRE INSURANCE COMPANY.
Appellee-Defendant.

Appeal from Order dated December 13, 2010 in United States District
Court for the Eastern District of Pennsylvania at No. 10-2540

———————————

BRIEF FOR APPELLANT JUDY BREWER AND JOINT APPENDIX
Volume I of II (pages 1a-7a)

———————————

Adam D. Wilf, Esquire
LUNDYLAW
1635 Market Street, 19th Floor
Philadelphia, PA 19103
(215) 246-9232
Counsel for Appellant

April 22, 2011

# TABLE OF CONTENTS

Table of Contents                                                        i

Table of Authorities                                                     ii

Statement of subject matter and appellate jurisdiction                   1

Statement of issues                                                      1

Statement of standard of review                                          2

Statement of the case                                                    4

Statement of facts                                                       5

Statement of related cases                                              8

Summary of Argument                                                     8

Argument                                                                11
Insurance coverage clearly exists under the terms                       11
of appellee's insurance policy, and therefore the
District Court erred in concluding that PMA v. Aetna,
233 A.2d 548 Pa. (1967) and Scottsdale Ins. Co. v.
City of Easton, et al, No. 09-1815, 2010 U.S. App.
LEXIS 9663 (3d Cir. 2010) permits appellee to
ignore the plain language of its insurance policy
and disclaim coverage.

Since appellee had a duty to provide coverage, and                      21
acted with reckless indifference and conscious
disregard in disclaiming coverage based on a clearly
inapplicable exclusion, it was an error for the district
court to dismiss appellant's bad faith claim.

Conclusion                                                              28

Attorney Certificates                                                   29

Joint Appendix Vol I (pages 1-7)                                    1a

    Notice of Appeal                                        1a

    Order and Opinion                                       3a

## TABLE OF AUTHORITIES

### CASES

Alleghany International v. Allegheny Ludlum          3
Steel Corp., 40 F.3d 1416, 1424 (3d Cir. 1994)

American Intl. Underwriters Ins. Co. v. American     12
Guarentee and Liability Ins. Co., 105 Cal.Rptr. 3d 64,
73 (Ct. App. 6 Dist 2010)

Atiyeh v. Liberty Mut. Fire. Ins. Co, 185 F. Supp.2d    23
436 (E.D. Pa. 2002)

Baker v. Nationwide Interstate Ins. Co., 103 Cal. Rptr.   12
565, 580 (Ct. App. 2 Dist. 2009)

Birth Center v. St. Paul Companies, Inc., 567 Pa. 386,   45
787 A.2d 376 (2001)

Continental Ins. Co. v. McKain, 820 F. Supp. 890, 897    20
(E.D. Pa. 1993), judgment aff'd, 19 F.3d 642 (3d Cir. 1994)

Dept. of Transp. v. Manor Mines, Inc., 523 Pa. 112,    3,8
565 A.2d 428, 432 (Pa. 1989)

Great Am. Ins. Co. v. State Farm Mut. Auto Ins. Co      19
412 Pa 538, 194 A.2d 903 (1963)

Exhibit F - 0003

In re Feature Realty Litigation, 468 F. Supp.2d 1287,    12
1295 fn. 2 (E.D. Wash. 2006)

Jacobs Constructors, Inc. v. NPS Energy Servs., Inc.,    3
264 F.3d 365, 375-76 (3d Cir. 2001)

J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356,    3
363 (3d Cir. 2004)

*Klinger v. State Farm Mut. Auto. Ins.* Co., 115 F.3d    21-22
230 (3d Cir. 1997)

Lower Paxton Tp. v. U.S. Fidelity and Guar. Co.,    20
383 Pa. Super. 558, 557 A.2d 393, 402 (1989)

Mallough v. Astrue, 2009 U.S. Dist. LEXIS 30222    4
(U.S.D.C. W.D. of Pa. 2009)

Nationwide Life Ins. Co. v. Commonwealth Land    2
Title Ins. Co., 579 F.3d 304 (2009)

Peerless Dyeing Co. v. Industrial Risk Insurers,    19
392 Pa. Super. 434, 573 A.2d 541, 543 (1990)

Phillips v. County of Allegheny, 515 F.3d 224,    2
230 (3d Cir. 2008)

PMA v. Aetna, 233 A.2d 548 Pa. (1967)    1,8-12,14-18,
                                          20-22
Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747,    23
751 (3d Cir. 1994)

Regents of Mercersburg College v. Republic    3
Franklin Ins. Co., 458 F.3d 159, 163 (3d Cir. 2006)

Rodriguez v. Our Lady of Lourdes Med. Ctr., 552 F.3d    2
297, 302-03 (3d Cir. 2008)

iii

Scottsdale Ins. Co. v. City of Easton, et al, No. 09-1815,        1,11-12,16-22
2010 U.S. App. LEXIS 9663 (3rd Cir. May 11, 2010)

Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220              3
(3d Cir. 2005)

Slater v. Lawyers' Mutual Ins. Co., 227 Cal. App. 3d 1415,     12
1420, 278 Cal. Rptr. 479 (2d Dist. 1991)

Sunbeam Corp. v. Liberty Mut. Ins. Co., 566 Pa. 494,           3
781 A.2d 1189, 1193 (Pa. 2001)

Terletsky v. Prudential Property & Cas. Ins. Co., 437 Pa.      21,23
Super. 108, 649 A.2d 680 (1994), appeal denied, 540 Pa.
641, 659 A.2d 560 (1995))

United States v. First City National Bank, 386 U.S. 361,       4
368, 87 S. Ct. 1088, 18 L. Ed. 2d 151 (1967)

United States v. Raddatz, 447 U.S. 667, 690, 100 S. Ct.        4
2406, 65 L. Ed. 2d 424 (U.S. 1980)

Western United Life Assur. Co. v. Hayden, 64 F.3d 833,         3
837 (3d Cir. 1995)

Codes

28 U.S.C.S § 1332                                              1

28 U.S.C.S. § 1291                                             1

Statutes

Federal Rule of Civil Procedure 12(b)(6)                      1,2,4,11

## Secondary Authority

Blacks Law Dictionary 139 (6th ed. 1990)                    20

Eric Holmes, 4 Holmes' Appleman on Insurance              3
§ 20.1 (2d ed. 1998).

Windt, Insurance Claims and Disputes (5th ed. 2007)        10

v

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The District Court for the Eastern District of Pennsylvania had diversity jurisdiction, 28 U.S.C.S § 1332, as Plaintiff/Appellant, Judy Brewer, is a citizen of Pennsylvania and Defendant/Appellee, United States Fire Insurance Company is headquartered and maintains its nerve center in New Jersey, and the amount in controversy exceeds $75,000. (Vol II – 11a). A final order dismissing all claims pursuant to F.R.C.P. 12(b)(6) was entered by the District Court on December 13, 2010. (Vol I – 3a). A timely Notice of Appeal was filed on December 23, 2010. (Vol I – 1a). This Court has jurisdiction over this appeal pursuant to 28 U.S.C.S. § 1291.

## STATEMENT OF THE ISSUES

1. Insurance coverage clearly exists under the terms of appellee's insurance policy, and therefore the District Court erred in concluding that PMA v. Aetna, 233 A.2d 548 Pa. (1967) and Scottsdale Ins. Co. v. City of Easton, et al, No. 09-1815, 2010 U.S. App. LEXIS 9663 (3d Cir. 2010) permits appellee to ignore the plain language of its insurance policy and disclaim coverage.

2. Since Appellee had a duty to provide coverage, and acted with reckless indifference and conscious disregard in disclaiming coverage based on a clearly inapplicable exclusion, it was an

1

error for the District Court to dismiss appellant's bad faith claim.

Appellant raised the above issues when it filed a response to appellee's motion to dismiss the amended complaint. (Vol II – 130a). The court order and opinion granting the motion to dismiss is at page 3a of Volume I of the Joint Appendix.

## STATEMENT OF STANDARD OF REVIEW

This appeal presents a review of the District Court's dismissal of an action under Rule 12(b)(6) based on its legal interpretation of Appellee US Fire Insurance Company's automobile insurance policy and its conclusion that it was not obligated to provide insurance coverage and did not act in bad faith.

The standard of review, as stated by this Honorable Court in Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co., 579 F.3d 304 (3d Cir. 2009) is as follows:

> We review de novo the District Court's dismissal of an action under Rule 12(b)(6). See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). "[W]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Rodriguez v.

2

Our Lady of Lourdes Med. Ctr., 552 F.3d 297, 302-03 (3d Cir. 2008) (*quoting* Phillips, 515 F.3d at 233).

Interpretation of an insurance policy is a question of law over which we exercise plenary review. See Regents of Mercersburg College v. Republic Franklin Ins. Co., 458 F.3d 159, 163 (3d Cir. 2006). Under Pennsylvania law, which applies to this action, we ascertain the intent of the parties by reading the policy as a whole, and we give unambiguous terms their plain meaning. See Jacobs Constructors, Inc. v. NPS Energy Servs., Inc., 264 F.3d 365, 375-76 (3d Cir. 2001); J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 363 (3d Cir. 2004). We also consider evidence of industry custom and practice. Sunbeam Corp. v. Liberty Mut. Ins. Co., 566 Pa. 494, 781 A.2d 1189, 1193 (Pa. 2001) ("[C]ustom in the industry or usage in the trade is always relevant and admissible in construing commercial contracts and does not depend on any obvious ambiguity in the words of the contract."). We construe ambiguous terms strictly against the insurer, but avoid reading the policy "to create ambiguities where none exist." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

On review, the Circuit Court must review all of the insurance policy provisions together and give effect to all of its provisions. Id. citing, Western United Life Assur. Co. v. Hayden, 64 F.3d 833, 837 (3d Cir. 1995)("Under Pennsylvania law, 'when interpreting a contract a court must determine the intent of the parties and effect must be given to all provisions in the contract.' Dept. of Transp. v. Manor Mines, Inc., 523 Pa. 112, 565 A.2d 428, 432 (Pa. 1989)(citations omitted). If a written contract is clear and unambiguous, then the court construes the contract as a matter of law by its contents alone. Id.; Alleghany

International v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1424 (3d

Cir. 1994)".); Eric Holmes, 4 Holmes' Appleman on Insurance § 20.1 (2d

ed. 1998).

The United States District Court for the Western District of

Pennsylvania in Mallough v. Astrue, 2009 U.S. Dist, LEXIS 30222

(U.S.D.C. W.D. of Pa. 2009) stated:

> As the Supreme Court noted in United States v. Raddatz, 447 U.S.
> 667, 690, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (U.S. 1980) "de novo
> determination" means "an independent determination of a
> controversy that accords no deference to any prior resolution of
> the same controversy." See also United States v. First City
> National Bank, 386 U.S. 361, 368, 87 S. Ct. 1088, 18 L. Ed. 2d 151
> (1967), explaining that the phrase "review de novo" means "that
> the court should make an independent determination of the
> issues" and should "not . . . give any special weight to the [prior]
> determination of".

## STATEMENT OF THE CASE

On December 13, 2010, the District Court for the Eastern District

of Pennsylvania granted (Docket No. 21) Appellee's motion to dismiss

the amended complaint (Docket No. 15) pursuant to F.R.C.P. 12(b)(6).

(Vol I – 3a). The amended complaint (Docket No. 13) alleged that

Appellee breached its duty to provide coverage as required under an

automobile insurance policy and acted in bad faith. (Vol II – 11a). As a

4

consequence of the breach, judgment in the amount of $250,000 was obtained against Appellee's insured, Tyrone Hamilton. (Vol II – 11a).

The District Court's decision disposed of all issues. (Vol I – 3a). On December 23, 2010, Appellant timely filed an appeal to this Honorable Court based on the District Court's failure to enforce the plain, unambiguous policy language of the automobile policy and give effect to all of the policy provisions. (Vol I – 1a).

## STATEMENT OF THE FACTS

On January 20, 2006, Appellant Judy Brewer, an employee of Service Plus Delivery Systems, Inc. was injured in a motor vehicle accident caused by Tyrone Hamilton, an employee of Safecare Ambulance Services, Inc. (Vol II – 11a). As a result of this accident, Appellant filed suit and obtained a $250,000 judgment against Tyrone Hamilton. (Vol II – 11a).

At the time of the accident, Tyrone Hamilton was insured under Appellee U.S. Fire's insurance policy (hereinafter "Policy"). (Policy is located at Volume II of Joint Appendix page 23a). Nevertheless, Appellee denied coverage based on the "Employee Indemnification and Employer's Liability Exclusion". (Exclusion is located at Volume II of

5

Joint Appendix page 42a).    In an effort to avoid immediate execution on

the judgment, Tyrone Hamilton assigned his breach of contract and bad

faith claim to Appellant. (Vol II – 16a).    Appellant filed suit to enforce

Mr. Hamilton's rights under the Policy.    (Vol II – 11a).

The Policy lists as "named insureds" Safecare Ambulance Inc. and

Service Plus Delivery Systems, Inc. (Vol II – 30a).  These  companies

are separate and distinct. (Vol II – 12a) The Policy states in pertinent

part (Vol II – 42a):

B. Exclusions

This insurance does not apply to any of the following:

. . .

4. Employee Indemnification and Employer's Liability

"Bodily Injury" to

a. an "employee" of the "insured" arising out of and in the course

of :

(1) Employment by the "insured";  or

(2) Performing the duties related to the conduct of the "insureds"

business; . . .

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any

other capacity; . . .

6

The use of quotation marks within the Exclusion denotes terms that are defined elsewhere in the Policy. Central to the issue before this Court is the definition of insured which is located at page 49a of Jt. Appendix Vol II. The definition of "insured" provides:

> "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, <u>the coverage afforded applies separately to each insured</u> who is seeking coverage or <u>against whom a claim or "suit" is brought</u>. (Emphasis added.)

This construction in which the second sentence provides that the coverage afforded applies **separately** to each insured is commonly referred to as a "separation of insureds" provision. Employing a plain reading of Appellee's Policy, if the above definition of "insured" is substituted in for the word "insured" in the Employee Indemnification and Employer's Liability exclusion asserted by Appellee, the exclusion provides that:

> This insurance does not apply to... bodily injury to **an employee of the insured** against whom a claim or suit is brought.

7

(*See* Vol II – 42a, 49a (**emphasis added**)). Since Ms. Brewer was not an employee of Mr. Hamilton, the insured against whom a claim was brought, the exclusion is not applicable.

## STATEMENT OF RELATED CASES

There are no related cases or proceedings in this matter.

## SUMMARY OF ARGUMENT

The District Court's conclusion that the holding in PMA v. Aetna, 233 A.2d 548 (1967)(Vol II – 194a) controls  regardless of the actual policy language in this case violates the most basic tenant in insurance policy analysis which requires "review all of the insurance policy provisions together and give effect to all of its provisions".   Dept. of Transp. v. Manor Mines, Inc., 523 Pa. 112, 565 A.2d 428, 432 (Pa. 1989)(citations omitted).  The plain language of the Policy matters as does the location of "separation of insureds" provision within the Policy.

This Policy is materially different from the policy at issue in PMA. In PMA and the other cases nationally that employ a PMA type analysis,  the "separation of insureds" provision is NOT contained within the definition of "Insured."  Rather, the "separation of insureds"

8

modification is only located in certain coverage provisions. Uniquely, Appellee placed its "separation of insureds" provision directly into its definition of "insured" so that it applies for all coverages.

Appellant does not argue that the PMA case is no longer good law. Rather, the PMA analysis does not apply to every single case in which a policy contains a "separation of insured" clause, and especially does not apply when the plain language mandates a finding of coverage, as in the Policy in this case.

The Policy states in pertinent part (Vol II – 42a):

B. Exclusions

This insurance does not apply to any of the following:

. . .

5. Employee Indemnification and Employer's Liability

"Bodily Injury" to

a. an "employee" of the "insured" arising out of and in the course of :

(3) Employment by the "insured";  or

(4) Performing the duties related to the conduct of the "insureds" business; . . .

This exclusion applies:

9

(2) Whether the "insured" may be liable as an employer or in any other capacity; . . .

The use of quotation marks within the Exclusion denotes terms that are defined elsewhere in the Policy. Central to the issue before this Court is the definition of insured which is located at page 49a of Jt. Appendix Vol II. The definition of "insured" provides:

> "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, <u>the coverage afforded applies separately to each insured</u> who is seeking coverage or <u>against whom a claim or "suit" is brought</u>. (Emphasis added.)

This construction in which the second sentence provides that the coverage afforded applies **separately** to each insured is commonly referred to as a "separation of insureds" provision.

In determining whether coverage exists under the Policy, one is required to substitute the definition of the word "insured" **(Vol II – 49a)** in the Employee Indemnification and Employer's Liability Exclusion. **(Vol II – 42a)**. However, the District Court chooses to forgo this plain reading in favor of applying the <u>PMA</u> approach. Yet, the <u>PMA</u> analysis was never intended to override the unambiguous meaning of insurance

10

policy language.  Employing a plain reading of Appellee's Policy, if the above definition of "insured" is substituted in for the word "insured" in the Employee Indemnification and Employer's Liability exclusion asserted by Appellee, as one would be required to do, the exclusion would provide that:

> This insurance does not apply to... bodily injury **to an employee of the insured** against whom a claim or suit is brought.

(Vol II – 42a, 49a **(emphasis added)**).  Because Ms. Brewer was not an employee of Mr. Hamilton, the insured against whom a claim was brought, this exclusion is not applicable.

## ARGUMENT

This Honorable Court has de novo review over the District Court's dismissal of an action under F.R.C.P. 12(b)(6).

INSURANCE COVERAGE CLEARLY EXISTS UNDER THE TERMS OF APPELLEE'S INSURANCE POLICY, AND THEREFORE THE DISTRICT COURT ERRED IN CONCLUDING THAT <u>PMA V. AETNA</u>, 233 A.2D 548 PA. (1967) AND <u>SCOTTSDALE INS. CO. V. CITY OF EASTON, ET AL</u>, NO. 09-1815, 2010 U.S. APP. LEXIS 9663 (3D CIR. 2010) PERMITS APPELLEE TO IGNORE THE PLAIN LANGUAGE OF ITS INSURANCE POLICY AND DISCLAIM COVERAGE

The issue before this Court is whether insurance coverage exists under the terms of Appellee's insurance policy that insured Tyrone Hamilton. The focus for the Court in resolving a question of insurance coverage is on the language of the Policy itself.

"In interpreting a policy, one must look at the particular policy language utilized, not simply apply general rules." Windt, Insurance Claims and Disputes (5th ed. 2007). As explained in Slater v. Lawyers' Mutual Ins. Co., 227 Cal. App. 3d 1415, 1420, 278 Cal. Rptr. 479 (2d Dist. 1991), "the proper initial focus for a court in resolving a question of insurance coverage is on the language of the policy itself, rather than on judicially created 'general' rules that are not necessarily responsive to the policy language or facts of the dispute". Accord. e.g., In re Feature Realty Litigation, 468 F. Supp.2d 1287, 1295 fn. 2 (E.D. Wash. 2006)("an insurer's contractual obligations must be judged by the language of the policy itself, and not according to blanket rules of coverage which are not necessarily responsive to the wording of th(e) policy"); American Intl. Underwriters Ins. Co. v. American Guarantee and Liability Ins. Co., 105 Cal.Rptr. 3d 64, 73 (Ct. App. 6 Dist 2010)(Cases relied upon did not support plaintiff's position. "In each

12

case the . . . court had before it" a definition of a term that as not in the policy at issue. "(W)e decline (plaintiff's) invitation to 'read into' the policy (at issue) a meaning drawn from contract provisions that are not before us"); <u>Baker v. Nationwide Interstate Ins. Co.</u>, 103 Cal. Rptr. 565, 580 (Ct. App. 2 Dist. 2009)("We disagree with the suggestion . . . that we (are) undoing decades of insurance policy jurisprudence . . . Any difference between the outcome of (prior Supreme Court cases) and the outcome of the case before us today is a reflection of the differences in language used in the two different policies at issue in each case").

There has never been a case which has held that an insurance company is not obligated to afford the coverage that is set forth in the policy. There is no case that exists which would support the conclusion that no coverage exists under this Policy where the exclusion advanced by Appellee does not say what Appellee wishes it to say.

The Policy lists as "named insureds" Safecare Ambulance Inc. and Service Plus Delivery Systems, Inc. (Vol II – 30a). These companies are separate and distinct. (Vol II – 12a). The Policy states in pertinent part (Vol II – 42a):

B. Exclusions

13

This insurance does not apply to any of the following:

. . .

6. Employee Indemnification and Employer's Liability

"Bodily Injury" to

a. an "employee" of the "insured" arising out of and in the course of :

(5) Employment by the "insured"; or

(6) Performing the duties related to the conduct of the "insureds" business; . . .

This exclusion applies:

(3) Whether the "insured" may be liable as an employer or in any other capacity; . . .

The use of quotation marks within the Exclusion denotes terms that are defined elsewhere in the Policy. Central to the issue before this Court is the definition of insured which is located at page 49a of Jt. Appendix Vol II. The definition of "insured" provides:

> "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, <u>the coverage afforded applies separately to each insured</u> who is seeking coverage or <u>against whom a claim or "suit" is brought.</u> (Emphasis added.)

14

This construction in which the second sentence provides that the coverage afforded applies **separately** to each insured is commonly referred to as a "separation of insureds" provision.    Employing a plain reading of Appellee's Policy, if the above definition of "insured" is substituted in for the word "insured" in the Employee Indemnification and Employer's Liability exclusion asserted by Appellee, the exclusion provides that:

> This insurance does not apply to... bodily injury to **an employee of the insured** against whom a claim or suit is brought.

(*See* Vol II – 42a, 49a (**emphasis added**)).

Clearly, this exclusion is not applicable since

    a.    The injury is to Ms. Brewer.
    b.    The insured who seeks coverage is Mr. Hamilton.
    c.    Ms. Brewer is not an employee of Mr. Hamilton.[1]

---

[1] The exclusion would be applicable if Judy Brewer was seeking coverage for claims against her own employer, Service Plus Delivery System, Tyrone Hamilton was seeking coverage for claims against his employer, Safecare Ambulance Services, Inc. or Judy Brewer was an employee of Tyrone Hamilton.  None of these situations exist.

15

Because the "Employee indemnification and Employer liability exclusion" was the sole basis of Appellee's denial and it is not applicable, Mr. Hamilton is entitled to coverage.

Appellant does not argue that the PMA case is no longer good law. Rather, the PMA analysis does not apply to every single case in which a policy contains a "separation of insured" clause, and especially does not apply when the plain language mandates a finding of coverage, as in the Policy in this case.

In choosing to employ the PMA analysis, the District Court avoided reviewing "all of the insurance policy provisions together and give effect to all of its provisions." (Vol I – 3a). The District Court's conclusion that the holding in PMA controls every similar case regardless of the actual policy language violates the most basic tenant in insurance coverage analysis. (Vol I – 3a).

The Policy at issue is unique in that unlike the policies at issue in PMA (Vol II-194a) and Scottsdale (Vol II-175a), the "separation of insureds" clause is contained in a paragraph which defines and/or modifies the word "insured". In fact, the undersigned is unaware of any

16

reported case in which a PMA type of analysis was performed for a
policy in which the "separation of insureds" clause was contained within
the definition of "insured".

As opposed to the policy in the PMA case, coverage exists in this
case because of the explicit terms contained in the second sentence in
the Appellee's Policy definition of "insured" provides that "the coverage
afforded applies separately to each insured... against whom a claim or
suit is brought." (Vol II – 42a, 49a). The policy analyzed by the court
in the *PMA* case does not contain qualifying language like the
Appellee's Policy. Given that the critical language and positioning of
the language at the center of this dispute was not before the court in the
PMA case, the District Court's reliance on the holding in that case is
misplaced.

Similarly, the District Court's reliance on Scottsdale Insurance
Company v. The City of Easton, 2010 U.S. App. LEXIS 9663 (3d Cir.
2010)(Vol II – 175a), is equally misplaced. In Scottsdale, this Honorable
Court addressed a denial of coverage in a policy that contained
exclusions and "separation of insureds" clauses similar to Appellee's
Policy. However, there exists an important and critical distinction

17

between the Scottsdale policy and the Policy in this case: The definition of the term 'insured' is limited in Appellee's policy in a manner that it is not limited in the <u>Scottsdale</u> (and the <u>PMA</u>) case.

In <u>Scottsdale</u>, the Estate of Jesse E. Sollman filed a civil lawsuit for the death of Officer Sollman which occurred when Mr. Sollman was shot by a co-employee who was in the course and scope of his employment. The incident occurred when a weapon was accidently discharged by a fellow officer in the weapons cleaning room.

Scottsdale had issued a Public Entity Policy. After the Complaint was filed, Scottsdale defended under a reservation of rights, a precautionary step that Appellee elected to waive in this case. Scottsdale claimed that it was not required to defend or indemnify the officer because of a "Employee Injury Exclusion" which provides:

> We will not be obligated to make any payment nor to defend any "suit" in connection with any "claim" made against the insured:
>
> 8. For "personal injury" or "bodily injury" to
>
> a.    An employee of the insured arising out of and in the course of employment of employment by the insured;
>
> . . .
>
> The exclusion applies:

18

   b.      Whether the insured may be liable as an employer or
           in any other capacity.

This Court ruled that the policy language in the Scottsdale policy
was clear and unambiguous since the deceased was injured in the
course and scope of his employment. This Court rejected plaintiff's
argument that the "separation of insureds" clause in that case meant
that the Employee Injury Exclusion did not apply to co-employee
defendants:

           Except with respect to . . . any rights or duties
           specifically assigned in this policy to the first Named
           Insured, this insurance applies:

   c.      Separately to each insured against whom "claim" is
           made or "suit is brought

The Scottsdale court ruled that this "separation of insureds" clause did
not modify the definition of "insured". *Id.* at 27-28. Therefore, this
Court reasoned that because the "separation of insureds" clause did not
modify the definition of 'insured' in the Scottsdale policy, it did not
insert the "separation of insureds" clause in place of the word "insured"
in the exclusion.

    Accordingly, if this Court had determined that the "separation of
insureds" clause had modified or defined the term 'insured,' it would

19

have been <u>required</u> to insert the definition into the exclusion to see if it rendered the exclusion inapplicable. <u>See</u> <u>Peerless Dyeing Co. v. Industrial Risk Insurers</u>, 392 Pa. Super. 434, 573 A.2d 541, 543 (1990), <u>citing</u> <u>Great Am. Ins. Co. v. State Farm Mut. Auto Ins. Co</u>, 412 Pa 538, 194 A.2d 903 (1963)(When a word or phrase is specifically defined within the policy, that definition controls in determining the applicability of the policy).

In direct contrast to the Scottsdale policy, the "separation of insureds" provision in the Appellee's Policy plainly and specifically modifies or defines the term 'insured' as follows:

> **"Insured" means** any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought. (Emphasis added.)

Clearly, the Appellee's Policy language at issue in this case <u>specifically defines</u> the term 'insured'. To place no significance in the words "insured means" would make this provision superfluous. This interpretation is prohibited under governing law. *See, e.g.,* <u>Lower Paxton Tp. v. U.S. Fidelity and Guar. Co.</u>, 383 Pa. Super. 558, 557 A.2d

393, 402 (1989) (Policy should not be interpreted so as to render a word

in the policy "surplusage"); <u>Continental Ins. Co. v. McKain</u>, 820 F. Supp.

890, 897 (E.D. Pa. 1993), judgment aff'd, 19 F.3d 642 (3d Cir. 1994)

("when there are alternative readings of a clause in a contract, the rule

of construction is that the one that avoids surplusage should be

chosen").

This important difference between the language in the <u>Scottsdale</u>

and <u>PMA</u> policies contrasted with the language of Appellee's Policy

renders the <u>Scottsdale</u> and <u>PMA</u> rulings inapplicable.

**SINCE APPELLEE HAD A DUTY TO PROVIDE COVERAGE, AND ACTED WITH RECKLESS INDIFFERENCE AND CONSCIOUS DISREGARD IN DISCLAIMING COVERAGE BASED ON A CLEARLY INAPPLICABLE EXCLUSION, IT WAS AN ERROR FOR THE DISTRICT COURT TO DISMISS APPELLANT'S BAD FAITH CLAIM**

Since Appellee admits Tyrone Hamilton was insured under the

Policy (Vol II-78a), it acted in bad faith by refusing to provide coverage

based on a clearly inapplicable exclusion. There is a two-part test

which must be established by clear and convincing evidence in order to

establish bad faith in Pennsylvania: (1) that the insurer lacked a

reasonable basis for denying benefits; and (2) that the insurer knew or

21

recklessly disregarded its lack of reasonable basis. <u>Klinger v. State</u>

<u>Farm Mut. Auto. Ins. Co.</u>, 115 F.3d 230 (3d Cir. 1997)(*citing* <u>Terletsky</u>

<u>v. Prudential Property & Cas. Ins. Co.</u>, 437 Pa. Super. 108, 649 A.2d

680 (1994), *appeal denied,* 540 Pa. 641, 659 A.2d 560 (1995)).

> Bad faith on part of insurer is any frivolous or unbounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will: mere negligence or bad judgment is not bad faith.

<u>Klinger</u>, 115 F.3d at 233 (quoting Blacks Law Dictionary 139 (6th ed. 1990)).

Relying principally upon the <u>PMA</u> case, Appellee argues that even

if its denial of coverage was incorrect, it was not unreasonable. To

bolster its position, Appellee makes reference to the <u>Scottsdale</u> case

even though it was decided long after Appellee's denial in this case. As

discussed above, Appellee's argument that the <u>PMA</u> case mandates a

finding of no coverage is misplaced and reflects a conscious disregard of

the fundamental differences between the PMA policy and its own

Policy.

22

A determination of bad faith does not require proof that the
insurer was motivated by a dishonest or improper purpose. Klinger,
115 F.3d at 233-34. Mere recklessness or acts undertaken by the
insurer with reckless indifference to its insured's interest is enough.
Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir.
1994).

An insurance company must conduct its investigation in an
objective, unbiased manner and accord its insured the same faithful
consideration that the insurer gives itself. Polselli, 73 F.3d at 752. As
alleged in the Amended Complaint, (Vol II-11a), Appellee's
investigation was limited to a myopic, self-serving reading of the PMA
case. Failing either to compare the key policy provisions in the PMA
policy and its Policy, or avoiding the comparison was a result-oriented,
unreasonable process. This is exactly the type behavior that constitutes
bad faith. Terletsky, 437 Pa. Super. 108, 649 A.2d at 688.

Furthermore, when the carrier knows that its conduct may be
directed at arriving at a self-serving conclusion rather than an
objective, fair and even-handed result, a genuine issue of material fact
exists requiring that summary judgment [or a Motion to Dismiss] be

23

denied. <u>Atiyeh v. Liberty Mut. Fire. Ins. Co</u>, 185 F. Supp.2d 436 (E.D. Pa. 2002).

As a result, Appellant meets her burden of alleging a cognizable bad faith claim under Pennsylvania law. Importantly, Appellee does not allege, and the District Court does not state, that Appellant failed to allege the necessary standard, state the necessary facts or otherwise fail to state a claim.

Appellee lacks the legal basis upon which to dismiss the bad faith claim in the Amended Complaint based on the facts alleged therein. The fact that Appellee was able to get the District Court to accept its argument and ignore the plain language of the Policy should not be a basis for dismissing the bad faith claim.

The amended complaint (Vol II-11a) alleges in pertinent part:

25. The exclusion relied upon by U.S. Fire to deny coverage eliminates coverage for injury to "an employee of **the insured** ..."(emphasis added).

26. Since the plain language and meaning of the exclusion is written to apply to an employee of **the insured**, as opposed to **any insured**, the exclusion does not and cannot apply to a claim against a co-employee, since one employee cannot be the employee of another employee. Accordingly, the exclusion asserted by U.S. Fire is inapplicable and unreasonably relied upon by U.S. Fire.

27. At all relevant and material times, U.S. Fire had a duty to defend and indemnify Mr. Hamilton but failed and refused to do so.

28. Yet, U.S. Fire accepted a premium payment, which was timely made, to provide the coverage.

29. At the time of its denial and at all times thereafter, U.S. Fire knew that its denial was improper and contrary to the plain language of its Policy.

30. On December 12, 2007, U.S. Fire permitted a default judgment to be entered against Mr. Hamilton. A copy of the notice of entry of default was sent to U.S. Fire.

31. On March 18, 2009, an assessment of damages award was entered against Mr. Hamilton in the amount of $250,000, docketed to no. 070802019. A copy of the award was sent to U.S. Fire.

32. On November 13, 2009, Mr. Hamilton assigned all rights and causes of action, including breach of contract and bad faith claims against any and all insurers, including but not limited to U.S. Fire.

33. Mr. Hamilton suffered harm by being abandoned by U.S. Fire, his credit is ruined and he suffered significant financial hardship and anxiety.

34. On May 7, 2010, Ms. Brewer informed U.S. Fire of the reasons why its denial of coverage was and is improper and unreasonable. Nevertheless, U.S. Fire refuses to provide coverage to Mr. Hamilton despite its obligation to do so.
   - - -

40. U.S. Fire breached the Policy by refusing to indemnify Mr. Hamilton even though it was obligated to provide coverage under the terms and conditions of the Policy.

25

41.   At no time prior to the filing of the Complaint did U.S. Fire attempt to resolve the case or otherwise defend its insured Mr. Hamilton contrary to its obligations under the policy.

42.   At all relevant and material times, U.S. Fire breached the covenant of the utmost good faith and fair dealing in insurance contracts and, as a result, has lost the benefit of the defenses provided by the terms and conditions of the Policy.
        . . .

45.   U.S. Fire unreasonably failed to settle and/or attempt to settle the third party claim in breach of its duty even though it was aware that there was no real and substantial chance of a finding of no liability.  See The Birth Center v The St. Paul Companies, Inc., et. al., 727 A.2d 1144 (Pa. Super. 1999).

46.   U.S. Fire refused an offer of settlement of $120,000 by Judy Brewer which resulted in a assessment of damages award of $250,000.

47.   U.S. Fire's placed its own interests ahead of its insured thereby exposing its insured to the damages and losses set forth throughout this pleading.
        . . .

49.   U.S. Fire's conduct as alleged throughout this pleading was in bad faith in that, inter alia:
      (A)   U.S. Fire had no reasonable basis for refusing to defend Mr. Hamilton;
      (B)   U.S. Fire recklessly disregarded its obligations to Mr. Hamilton;
      (C)   U.S. Fire unreasonably ignored the lack of a reasonable basis in refusing to defend Mr. Hamilton;
      (D)   U.S. Fire had no reasonable basis for refusing to indemnify Mr. Hamilton;
      (E)   U.S. Fire failed to take the many opportunities afforded to it to resolve this matter in a manner to

26

protect its insured;

(F)   U.S. Fire continued and continues to stand by its denial even after receiving the explanation as to why its coverage denial was and is improper;

(G)   U.S. Fire accepted the premium payments, issued the Policy and now refuses to honor its contractual obligations under the terms and conditions of the Policy;

(H)   U.S. Fire refused and refuses to defend and/or indemnify its insured without first conducting a reasonable investigation based upon all available information;

(I)   U.S. Fire did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim in which U.S. Fire's liability under the Policy had become reasonably clear;

(J)   U.S. Fire misrepresented pertinent facts, policy provisions and contract provisions related to coverage at issue;

(K)   U.S. Fire misrepresented the benefits, advantages, conditions and terms of the Policy;

(L)   U.S. Fire failed to acknowledge and act promptly upon written or oral communications with respect to a claim arising under the Policy;

(M)   U.S. Fire failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(N)   U.S. Fire failed to fully disclose the benefits, coverage or other provisions of the Policy when the benefits, coverage of other provisions are pertinent to Judy Brewer's claim; and

(O)   U.S. Fire compelled plaintiff to institute litigation to recover benefits due under the Policy by refusing to make any of the payments ultimately recovered after the institutions of this suit.

50.   U.S. Fire's actions were committed in a wanton, malicious manner and/or reckless disregard of the rights of Tyrone

Hamilton and without a reasonable basis, the lack of which U.S. Fire knew or recklessly disregarded thereby justifying an award of punitive damages.

Under the standard of review of a 12(b)(6) motion, and construing the above allegations in the amended complaint in the light most favorable to Appellant, it was a clear error for the District Court to dismiss Appellant's bad faith claim.

## CONCLUSION

For the reasons set forth above, Appellant respectfully requests that this Court vacate the order and opinion of the District Court granting the motion to dismiss, rule that coverage is afforded under the Policy and remand the case for trial on the issue of damages and bad faith.

Respectfully Submitted,

/s/Adam D. Wilf
Adam D. Wilf, Esquire
LundyLaw
1635 Market Street, 19th Floor
Philadelphia, PA 19103
215·246·9232
Counsel for Appellant

28

## COMBINED CERTIFICATIONS

1. <u>Bar Membership</u>
   I am a member of good standing of the bar of this Court.

2. <u>Certificate of Compliance</u>
   This brief complies with Fed. R. App. P. 32(a)(7)(B) because it contains 5566 words.

3. <u>Certificate of Service</u>
   I hereby certify that a copy of Appellant's Brief and Jt. Appendix Volumes I and II were served on April 25, 2011 by hand delivery upon the following:

   Scott J. Tredwell, Esquire
   Franklin Miller, Esquire
   McCormick & Priore, P.C.
   1600 JFK Blvd. Suite 800
   Philadelphia, PA 19103

4. <u>Certification of Identical Compliance of Briefs</u>
   I hereby certify that the hard copy and electronic PDF filing of the brief and Appendix I and II contain identical text.

5. <u>Certification of Virus Check</u>
   I hereby certify that a virus check of the pdf filing of the brief and appendix I and II was performed using antivirus software and no virus was found.

   /s/Adam D. Wilf
   Adam D. Wilf, Esquire
   LundyLaw
   1635 Market Street, 19th Floor
   Philadelphia, PA 19103
   215-246-9232
   Counsel for Appellant

Date: April 25, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED** DEC 2 3 2010

| | | |
|---|---|---|
| **JUDY BREWER** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| v. | : | NO.:  10-2540 |
| **UNITED STATES FIRE INSURANCE CO.** | : | |
| Defendant | : | **NOTICE OF APPEAL** |

Notice is hereby given that Judy Brewer, Plaintiff in the above named case hereby appeals to the United States Court of Appeals for the 3rd Circuit from an Order granting Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)(Docket No. 15) entered in this action on the 13th day of December, 2010.

Adam D. Wilf, Esquire
Attorney for Plaintiff
Lundy Law
1635 Market Street
19th Floor
Philadelphia, PA 19103

**1a**

Exhibit F - 0037

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUDY BREWER** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| vi. | : | **NO.: 10-2540** |
| **UNITED STATES FIRE INSURANCE CO.** | : | |
| **Defendant** | : | **CERTIFICATE OF SERVICE** |

I hereby certify that I have served Plaintiff's Notice of Appeal via U.S. First Class Mail, postage pre-paid, upon the following:

Scott J. Tredwell, Esquire
Franklin C. Miller, Esquire
Four Penn Center, Suite 800
1600 JFK Blvd.
Philadelphia, PA 19103

LUNDY LAW

BY: _____
Adam D. Wilf, Esquire

Dated: _12/23/10_

**2a**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDY BREWER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 10-2540 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES FIRE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of

Civil Procedure 12(b)(6) (Docket No. 15).[1]

This action was originally filed in the Court of Common Pleas of Philadelphia

County, Pennsylvania, on November 23, 2009, and it was subsequently removed to this Court on

May 27, 2010. On August 20, 2010, Plaintiff filed an Amended Complaint. The undisputed

facts of this matter are that on January 20, 2006, there was an automobile accident between Mr.

Tyrone Hamilton, an employee of Safecare Ambulance Services, Inc., and Plaintiff Judy Brewer,

---

[1] In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all
factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and
determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled
to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation
and citation omitted). After the Supreme Court's decision in Bell Atlantic Corporation v.
Twombly, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937,
1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). This standard, which
applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted
unlawfully." Iqbal, 129 S.Ct. at 1949. Accord Fowler v. UPMC Shadyside, 578 F.3d 203,
210-211 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned,
the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

an employee of Service Plus Delivery Systems, Inc. As a result of that accident, Plaintiff filed

suit and received a judgment against Mr. Hamilton. The instant suit arises out of a dispute

regarding insurance coverage relating to the aforementioned motor vehicle accident. At the time

of the accident, there was a Defendant U.S. Fire Insurance Company policy in effect which listed

the named insureds as "Safecare Ambulance Services, Inc., t/a Network Ambulance" and

"Service Plus Delivery Systems, Inc."[2] After Plaintiff sued Mr. Hamilton, U.S. Fire denied

coverage based on the policy's "Employee Indemnification and Employer's Liability Exclusion."

Plaintiff now litigates the assertion that U.S. Fire improperly denied coverage to Mr. Hamilton.[3]

      The Employee Indemnification and Employer's Liability Exclusion in the U.S.

Fire policy reads as follows:

    **B. Exclusions**

    This insurance does not apply to any of the following:

* * *

    **4. Employee Indemnification and Employer's Liability**

    "Bodily injury" to:

    a. An "employee" of the "insured" arising out of and in the course
    of:

    (1) Employment by the "insured"; or

---

[2] The U.S. Fire insurance policy was No. 1337200029, effective from February 23, 2005 through February 23, 2006.

[3] Count I of plaintiff's Amended Complaint asserts a claim for breach of contract seeking recovery of damages allegedly owed to her as a result of the underlying motor vehicle accident. Count II of the Amended Complaint seeks damages for "breach of covenant of utmost duty of good faith and fair dealing." Finally, Count III of the Amended Complaint seeks general damages for bad faith. Plaintiff is seeking, as alleged assignee of Mr. Hamilton, $250,000 in compensatory damages as well as interest, incidental, consequential, and punitive damages, and costs and fees.

**4a**

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by an "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

The term "insured" is defined in the policy as:

[A]ny person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

The Schedule of Named Insureds on the policy lists both Safecare Ambulance Services Inc. and Service Plus Delivery Systems, Inc. Under the undisputed facts as pleaded in the Amended Complaint, these two named insureds are the employers of Mr. Hamilton and Plaintiff, respectively. Because they are employed by those entities, respectively, both Plaintiff and Mr. Hamilton qualify as insureds under the policy. Under the undisputed facts as pleaded, Plaintiff suffered bodily injury while acting in the course and scope of her employment by a named insured. Under the plain language of the policy, this triggers the Employee Indemnification and Employer's Liability Exclusion.

**5a**

After having carefully reviewed this matter, the Court concludes that under

governing Pennsylvania precedent, and given the (1) undisputed well-pleaded facts and (2) terms

of the U.S. Fire policy, Plaintiff can not obtain coverage from U.S. Fire for her claims.

Plaintiff's arguments to the contrary are unconvincing in the face of decisional law. See

Pennsylvania Manufacturers' Assoc. Ins. Co. v. Aetna Casualty and Surety Ins. Co., 233 A.2d

538 (Pa. 1967) ("PMA"); Scottsdale Ins. Co. v. The City of Easton, No. 09-1815, 2010 U.S. App.

LEXIS 9663 (3d Cir. May 11, 2010) (following PMA); Costco Wholesale Corp. v. Liberty

Mutual Ins. Co., 472 F. Supp. 2d 1183 (S.D. Ca. 2007) (discussing Pennsylvania law and the

vitality of PMA); Brown & Root Braun, Inc. v. Bogan, Inc., Nos. 00-4261 and 01-1083, 2002

U.S. App. LEXIS 27347 (3d Cir. Dec. 5, 2002) (following PMA).[4] Because all of Plaintiff's

claims are premised on the availability of coverage, this matter must be dismissed in its entirety.

Moreover, the Court finds that allowing a second amended complaint would be futile.

---

[4] Plaintiff's primary argument is similar to that raised and rejected in other cited cases – namely, that the definition of "insured" and interplay of the "separation of insureds" clause compel a different result than the Pennsylvania Supreme Court reached in PMA. The Court does not subscribe to Plaintiff's assertion that the U.S. Fire policy materially differs from the policies involved in other cases applying PMA – most recently, Scottsdale. The Third Circuit in Scottsdale recognized that the PMA decision controlled the outcome of that case, and that the Court was "bound to follow the controlling Pennsylvania Supreme Court precedent in PMA." Scottsdale, 2010 U.S. App. LEXIS 9663 at *30. The Pennsylvania Supreme Court's decision in PMA is binding upon all federal courts interpreting Pennsylvania law. See McKenna v. Pac. Rail Serv., 32 F.3d 820, 825 (3d Cir. 1994). Furthermore, "[courts within the Third Circuit are] bound by Third Circuit [Court of Appeals] precedent on state law issues unless a subsequent decision by the highest state court diverges from Third Circuit precedent." Hoffman v. Paper Converting Machine Co., 694 F. Supp. 2d 359, 364 (E.D. Pa. 2010). As such, even if this Court were to be sympathetic to Plaintiff's desire to modify the course of Pennsylvania decisional law in this area (as, indeed, other states have done to their own law), the Court does not find itself free to do so where the relevant factors are not materially distinguishable.

**6a**

AND NOW, this 10th day of December, 2010, it is hereby ORDERED that

Defendant's Motion to Dismiss (Docket No. 15) is GRANTED.  This matter is dismissed.  The

Clerk of Court shall close this case for all purposes, including statistics.

BY THE COURT:

/s/ C. Darnell Jones II

C. DARNELL JONES II,     U.S.D.J.

**7a**